UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACOB SMITH, | Case No.: 3:20-cv-00299-MMD-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF Nos. 21, 21-1, 22, 23 |
| CHARLES DANIELS, et. al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Leave to Amend Prior Complaint and proposed First Amended Complaint (FAC). (ECF Nos. 21, 21-1.) Defendants did not file a response. Plaintiff also filed a motion asking the Defendants for written consent for leave to amend (ECF No. 22), to which Defendants did not file a response. Finally, Plaintiff filed a motion to add exhibits to his amended civil rights complaint. (ECF No. 23.)

After a thorough review, it is recommended that Plaintiff's motion for leave to amend be denied. Plaintiff's motion asking Defendants for consent to amend and his motion to add exhibits to his civil rights complaint should be denied as moot.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 4.)

The court screened Plaintiff's original complaint. (ECF No. 3.) Plaintiff alleged that on August 6, 2019, Craig asked Plaintiff, who is Native American, whether he would move to Unit

1 to live with three other Native American inmates. Craig said they had previously moved a Puerto Rican inmate in with the Native American inmates, and it had caused problems. Plaintiff responded he did not want to move to Unit 1 because it was overcrowded and unsanitary. The next day, Mondragon informed Plaintiff he would be moved to Unit 1. Plaintiff told Mondragon he had already refused this move, and Mondragon contacted Craig, Hensley, and sergeant John Doe 1. Plaintiff was told that if he did not move, he would receive a write up. Plaintiff still refused the move, and was escorted out and charged with refusing to move cells. Plaintiff submitted grievances over the disciplinary charges, but they were denied by Russell and Wickham.

Plaintiff referenced the First, Fifth, Sixth, Eighth and Fourteenth Amendments, but did not explain his claims under the First, Fifth, Sixth and Eighth Amendments. As such, those claims were dismissed without prejudice. Instead, the court construed the complaint as asserting due process and equal protection claims under the Fourteenth Amendment.

To the extent Plaintiff was asserting a due process claim based on his housing assignment, the court dismissed that claim with prejudice because inmates do not have a liberty interest in their housing assignment.

Insofar as Plaintiff alleged he should not have received a disciplinary write up for refusing to move to Unit 1, the court dismissed this claim without prejudice, indicating that he did not articulate what sanctions he received as a result of the write up and the complaint did not demonstrate he faced an atypical and significant hardship to establish a liberty interest.

The court allowed Plaintiff to proceed with his equal protection claim against Mondragon, Craig, Hensley, and John Doe 1, based on the allegation that they decided to move Plaintiff to Unit 1, which was overcrowded and unsanitary, based solely on his being Native

American. The court concluded that Plaintiff failed to state a claim against Russell and Wickham. While Plaintiff alleged that they denied his grievances, he did not allege they did so with a discriminatory purpose. In addition, Plaintiff did not include any allegations about Daniels. As a result, Russell, Wickham and Daniels were dismissed without prejudice.

Plaintiff now seeks leave to amend his complaint. The court will now screen the FAC.

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

In addition, Plaintiff is a prisoner and is proceeding *in forma pauperis*; therefore, the court must screen the proposed amended complaint to determine futility.

"The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. DISCUSSION

**A. Count I**

In Count I of the proposed FAC, Plaintiff states that he is bringing a claim for violation of his rights to due process under the Fifth and Sixth Amendments. Count I contains the same allegations as Count I of the original complaint, except Plaintiff adds that he was punished with a trip to "red tag lockdown" and 30-days canteen loss. Plaintiff also states, as he does with respect to every claim asserted in the proposed FAC, that Warm Springs Correctional Center (WSCC) was aware of the unsanitary overcrowding in Unit 1. He asserts that they ask inmates to volunteer to live in Unit 1 and give them seven days off of their sentence if they do. He states that there are four men in a two-man cell.

Preliminarily, Plaintiff's proposed claim arises under the Due Process Clause of the Fourteenth Amendment and not the Fifth or Sixth Amendments.

Again, to the extent Plaintiff seeks to assert a claim that he had a due process right not to be moved to a new housing assignment, his claim fails because inmates do not have a liberty interest in their housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

Insofar as Plaintiff alleges that he should not have received the disciplinary write up for his move to Unit 1, Plaintiff still does not state a colorable claim.

To state a cause of action for deprivation of procedural due process, a Plaintiff must establish the existence of a liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 487 (1995). In

5

*Sandin*, the Supreme Court held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

Here, Plaintiff only adds the fact that he was taken to "red tag lockdown" and received 30 days of canteen loss. He also states that Unit 1 places four men in a cell built for two men. First, Plaintiff does not state how long he was in "red tag lockdown" or what the conditions were in that lockdown. Second, 30 days of canteen loss does not give rise to an atypical and significant hardship. Finally, without more detail, the fact that there were four inmates in a cell originally built for two inmates does not constitute an atypical and significant hardship. Therefore, Plaintiff should not be allowed to proceed with this claim.

**B. Count II**

In Count II of the proposed FAC, Plaintiff again asserts a claim for violation of his rights under the equal protection clause. The allegations are the same as the original complaint, except that Plaintiff adds that he was sent to the hole and given 30 days canteen loss. He also adds that WSCC is aware of the unsanitary, overcrowding in Unit 1.

As was found on screening the original complaint, Plaintiff states a colorable equal protection claim against Mondragon, Craig, Hensley, and John Doe 1. He still fails to state a claim against Russell, Wickham or Daniels as the proposed FAC still only alleges that Russell and Wickham denied his grievances, and contains no allegations regarding Daniels.

**C. Count III**

Count III of the proposed FAC purports to allege an illegal search and seizure under the Fourth Amendment. It contains essentially the same allegations that are contained within Counts I and II, but adds that people who agree to live in Unit 1 are given credits to their sentence and

that WSCC is aware of the unsanitary overcrowding in unit I. Count III also contains a reference to the Eighth Amendment.

The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV.

Plaintiff's allegations in Count III do not implicate the Fourth Amendment. Therefore, he should not be allowed to proceed with this claim.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Although conditions of confinement may be restrictive and harsh, they may not deprive inmates of "the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

Plaintiff's only statement about the conditions of confinement is that Unit 1 has cells built for two inmates that are housing four inmates. That alone, is insufficient to state an Eighth Amendment conditions of confinement claim. Therefore, Plaintiff should not be permitted to proceed with this claim.

**D. Count IV**

Count IV of the proposed FAC cites the First Amendment. Count IV contains the same allegations about Craig asking Plaintiff to move to Unit 1 and Plaintiff refusing, and then Mondragon informing him he was being moved to Unit 1 and if he did not move, he would be locked down and written up. Plaintiff advised them he had a due process right against this

7

arbitrary move. Plaintiff was escorted to the "hole" and was written up and received a sanction of red tag lockdown and 30-days canteen loss.

It is unclear what claim Plaintiff is attempting to assert under the First Amendment. To the extent he seeks to assert a retaliation claim, "Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Such a claim consists of the following elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Jones*, 791 F.3d at 1035 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff does not allege that he was moved because of any protected conduct. Instead, he alleges he was moved even though he had refused the bed move. As was stated above, Plaintiff does not have a due process right to a particular housing assignment. Therefore, Plaintiff should not be allowed to proceed with this claim.

**E. Count V**

In Count V of the proposed FAC, Plaintiff once again references the Eighth Amendment, but he provides no further allegations to state a colorable conditions of confinement claim under the Eighth Amendment. Therefore, he should not be allowed to proceed with this claim.

**F. Count VI**

Count VI of the proposed FAC references the Thirteenth Amendment, but contains the same allegations about his move to Unit 1 as the other counts.

8

The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const., amend. XIII.

Plaintiff's proposed FAC does not give rise to a claim under the Thirteenth Amendment; therefore, Plaintiff should not be allowed to proceed with this claim.

**G. Conclusion**

Amendment would be futile as Plaintiff does not state any additional viable claims in the proposed FAC. Therefore, Plaintiff's motion for leave to amend should be denied, and the action should proceed only with the equal protection claim in the original complaint against Mondragon, Craig, Hensley, and John Doe 1. Plaintiff's motions asking for Defendants' consent to amend and motion to add exhibits to his proposed amended complaint should be denied as moot.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for leave to amend (ECF No. 21); and **DENYING AS MOOT** his motion for Defendants' consent to amend (ECF No. 22) and his motion to add exhibits to his proposed amended complaint (ECF No. 23).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

      2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 4, 2022

                                            *William G. Cobb* (signature)
                                            William G. Cobb
                                            United States Magistrate Judge